**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BRIAN PEREZ and JENNIFER PEREZ,<br><br>    Plaintiffs,<br><br>        v.<br><br>GREAT WOLF LODGE OF THE<br>POCONOS, LLC and GREAT WOLF<br>RESORTS, INC.,<br><br>    Defendants. | CIVIL ACTION<br>CASE NO.: 3:12-cv-1322 |

**DEFENDANTS, GREAT WOLF LODGE OF THE
POCONOS, LLC AND GREAT WOLF RESORTS, INC.'S, ANSWER
<u>TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES</u>**

Defendants, Great Wolf Lodge of the Poconos, LLC (hereinafter "Great Wolf Poconos") and Great Wolf Resorts, Inc. (hereinafter "Great Wolf Resorts")[hereinafter collectively referred to as "Answering Defendants"], by and through their counsel, Spector Gadon & Rosen, P.C., hereby respond to Plaintiffs' Complaint, together with Affirmative Defenses, as follows:

<u>**THE PARTIES**</u>

1.      Denied.  Despite reasonable investigation, Answering Defendants lack sufficient information to either admit or deny the averments herein and, accordingly, same are denied with strict proof thereof demanded at trial.

2.      Denied.  Despite reasonable investigation, Answering Defendants lack sufficient information to either admit or deny the averments herein and, accordingly, same are denied with strict proof thereof demanded at trial.

3.      Denied.  Despite reasonable investigation, Answering Defendants lack sufficient information to either admit or deny the averments herein and, accordingly, same are denied with strict proof thereof demanded at trial.

4.      Admitted.

5.      Admitted.

6.      Denied.  The averment herein is merely a statement of counsel and requires no response of the Answering Defendants.

## JURISDICTION / VENUE

7.      Denied.  The allegations in this paragraph of Plaintiffs' Complaint relate to jurisdiction and constitute conclusions of law to which no response is required.  Therefore, Answering Defendants deny the same and demand strict proof thereof at trial.

8.      Denied.  The allegations in this paragraph of Plaintiffs' Complaint relate to jurisdiction and constitute conclusions of law to which no response is required.  Therefore, Answering Defendants deny the same and demand strict proof thereof at trial.

9.      Denied.  The allegations in this paragraph of Plaintiff's Complaint relate to venue and constitute conclusions of law to which no response is required.  Therefore, Answering Defendants deny the same and demand strict proof thereof at trial.

## THE DECEMBER 10, 2010 INCIDENT

10.      Denied.  The averments herein constitute conclusions of law to which no response is required under the applicable Federal Rules of Civil Procedure.  By way of further response, Great Wolf Poconos admits that it owned, operated, and maintained the stated premises.  Great Wolf Resorts specifically denies all of the averments herein.  To the extent any other averments herein are deemed factual in nature, same are denied by the Answering Defendants with strict proof thereof demanded at trial.

11.      Denied.  The averments herein constitute conclusions of law to which no response is required under the applicable Federal Rules of Civil Procedure.  By way of further response, Great Wolf Poconos admits that Plaintiffs were patrons at the stated premises.  Great Wolf

Resorts specifically denies all of the averments herein.  To the extent any other averments herein are deemed factual in nature, same are denied by the Answering Defendants with strict proof thereof demanded at trial.

12.  Denied.  The averments herein constitute conclusions of law to which no response is required under the applicable Federal Rules of Civil Procedure.  By way of further response, Great Wolf Poconos admits that Plaintiff rode the  Double Barrel Drop  waterslide (hereinafter "DBD") on the stated date and that it owned, operated, maintained, and supervised (to the extent possible) said DBD.  Great Wolf Resorts specifically denies all of the averments herein.  To the extent any other averments herein are deemed factual in nature, same are denied by the Answering Defendants with strict proof thereof demanded at trial.

13.  Denied.  The averments herein constitute conclusions of law to which no response is required under the applicable Federal Rules of Civil Procedure.  By way of further response, Great Wolf Poconos admits that it owned, operated, maintained, and supervised (to the extent possible) said DBD.  Great Wolf Resorts specifically denies all of the averments herein.  To the extent any other averments herein are deemed factual in nature, same are denied by the Answering Defendants with strict proof thereof demanded at trial.

14.  Denied.  It is specifically denied that the Plaintiff was ejected from the DBD raft. As to the alleged injuries, the Answering Defendants lack sufficient information, despite reasonable investigation, to either admit or deny same and, therefore, said averments are denied with strict proof thereof demanded at trial.

15.  Denied.  The averments herein constitute conclusions of law to which no response is required under the applicable Federal Rules of Civil Procedure.  By way of further response, each of the Answering Defendants specifically deny any negligence or carelessness of relevance hereto.   To the extent any other averments herein are deemed factual in nature, same are denied

by the Answering Defendants with strict proof thereof demanded at trial. As to the alleged injuries and damages, the Answering Defendants lack sufficient information, despite reasonable investigation, to either admit or deny same and, therefore, said averments are denied with strict proof thereof demanded at trial.

a-kk.   Denied. The averments herein constitute conclusions of law to which no response is required under the applicable Federal Rules of Civil Procedure. By way of further response, each of the Answering Defendants specifically deny any negligence or carelessness of relevance hereto. To the extent any other averments herein are deemed factual in nature, same are denied by the Answering Defendants with strict proof thereof demanded at trial. As to the alleged injuries and damages, the Answering Defendants lack sufficient information, despite reasonable investigation, to either admit or deny same and, therefore, said averments are denied with strict proof thereof demanded at trial.

16.   Denied. The allegations contained in this paragraph constitute conclusions of law to which no responsive pleading is required and Answering Defendants therefore deny the same and demand strict proof thereof at trial. To the extent any averment herein is deemed factual in nature, Answering Defendants lack sufficient information to either admit or deny same and, accordingly, same is denied with strict proof thereof demanded at trial.

17.   Denied. The allegations contained in this paragraph constitute conclusions of law to which no responsive pleading is required and Answering Defendants therefore deny the same and demand strict proof thereof at trial. To the extent any averment herein is deemed factual in nature, Answering Defendants lack sufficient information to either admit or deny same and, accordingly, same is denied with strict proof thereof demanded at trial.

18.   Denied. The allegations contained in this paragraph constitute conclusions of law to which no responsive pleading is required and Answering Defendants therefore deny the same

and demand strict proof thereof at trial.  To the extent any averment herein is deemed factual in nature, Answering Defendants lack sufficient information to either admit or deny same and, accordingly, same is denied with strict proof thereof demanded at trial.

19.     Denied.  The allegations contained in this paragraph constitute conclusions of law to which no responsive pleading is required and Answering Defendants therefore deny the same and demand strict proof thereof at trial.  To the extent any averment herein is deemed factual in nature, Answering Defendants lack sufficient information to either admit or deny same and, accordingly, same is denied with strict proof thereof demanded at trial.

20.     Denied.  The allegations contained in this paragraph constitute conclusions of law to which no responsive pleading is required and Answering Defendants therefore deny the same and demand strict proof thereof at trial.  To the extent any averment herein is deemed factual in nature, Answering Defendants lack sufficient information to either admit or deny same and, accordingly, same is denied with strict proof thereof demanded at trial.

21.     Denied.  The allegations contained in this paragraph constitute conclusions of law to which no responsive pleading is required and Answering Defendants therefore deny the same and demand strict proof thereof at trial.  To the extent any averment herein is deemed factual in nature, Answering Defendants lack sufficient information to either admit or deny same and, accordingly, same is denied with strict proof thereof demanded at trial.

22.     Denied.  The allegations contained in this paragraph constitute conclusions of law to which no responsive pleading is required and Answering Defendants therefore deny the same and demand strict proof thereof at trial.  To the extent any averment herein is deemed factual in nature, Answering Defendants lack sufficient information to either admit or deny same and, accordingly, same is denied with strict proof thereof demanded at trial.

23.     Denied. The allegations contained in this paragraph constitute conclusions of law to which no responsive pleading is required and Answering Defendants therefore deny the same and demand strict proof thereof at trial.  To the extent any averment herein is deemed factual in nature, Answering Defendants lack sufficient information to either admit or deny same and, accordingly, same is denied with strict proof thereof demanded at trial.

24.     Denied. The allegations contained in this paragraph constitute conclusions of law to which no responsive pleading is required and Answering Defendants therefore deny the same and demand strict proof thereof at trial.  To the extent any averment herein is deemed factual in nature, Answering Defendants lack sufficient information to either admit or deny same and, accordingly, same is denied with strict proof thereof demanded at trial.

a-f.     Denied. The allegations contained in this paragraph constitute conclusions of law to which no responsive pleading is required and Answering Defendants therefore deny the same and demand strict proof thereof at trial.  To the extent any averment herein is deemed factual in nature, Answering Defendants lack sufficient information to either admit or deny same and, accordingly, same is denied with strict proof thereof demanded at trial.

25.     Denied. The allegations contained in this paragraph constitute conclusions of law to which no responsive pleading is required and Answering Defendants therefore deny the same and demand strict proof thereof a trial.  By way of further response, Answering Defendants specifically deny any negligence or carelessness of relevance hereto.  To the extent any averment herein is deemed factual in nature, same is denied with strict proof thereof demanded at trial.

26.     Denied. The allegations contained in this paragraph constitute conclusions of law to which no responsive pleading is required and Answering Defendants therefore deny the same and demand strict proof thereof a trial.  By way of further response, Answering Defendants

specifically deny any negligence or carelessness of relevance hereto.  To the extent any averment herein is deemed factual in nature, same is denied with strict proof thereof demanded at trial.

27.     Denied.  The allegations contained in this paragraph constitute conclusions of law to which no responsive pleading is required and Answering Defendants therefore deny the same and demand strict proof thereof a trial.

**WHEREFORE**, Defendants Great Wolf Lodge of the Poconos, LLC and Great Wolf Resorts, Inc. respectfully demand that Plaintiffs' Complaint be dismissed and judgment be entered in their favor and against Plaintiffs with prejudice, together with an award of costs and fees, as well as any other sums deemed appropriate by the Court.

## COUNT I

### BRIAN PEREZ v. GREAT WOLF RESORTS, INC.
### and GREAT WOLF LODGE OF THE POCONOS, LLC

28.     Answering Defendants hereby incorporate their answers to the preceding paragraphs as if fully set forth herein at length.

29.     Denied.  The averments herein constitute conclusions of law to which no response is required under the applicable Federal Rules of Civil Procedure.  By way of further response, Great Wolf Poconos admits that it owned, operated, maintained, and supervised (to the extent possible) said premises.  Great Wolf Resorts specifically denies all of the averments herein.  To the extent any other averments herein are deemed factual in nature, same are denied by the Answering Defendants with strict proof thereof demanded at trial.

30.     Denied.  The averments herein constitute conclusions of law to which no response is required under the applicable Federal Rules of Civil Procedure.  By way of further response, Great Wolf Poconos admits that it owned, operated, maintained, and supervised (to the extent possible) said DBD.  Great Wolf Resorts specifically denies all of the averments herein.  To the

extent any other averments herein are deemed factual in nature, same are denied by the Answering Defendants with strict proof thereof demanded at trial.

31.     Denied.  The averments herein constitute conclusions of law to which no response is required under the applicable Federal Rules of Civil Procedure.  By way of further response, Great Wolf Resorts specifically denies all of the averments herein.  To the extent any other averments herein are deemed factual in nature, same are denied by the Answering Defendants with strict proof thereof demanded at trial.

32.     Denied.  The averments herein constitute conclusions of law to which no response is required under the applicable Federal Rules of Civil Procedure.  By way of further response, Great Wolf Resorts specifically denies all of the averments herein.  To the extent any other averments herein are deemed factual in nature, same are denied by the Answering Defendants with strict proof thereof demanded at trial.

33.     Denied.  The averments herein constitute conclusions of law to which no response is required under the applicable Federal Rules of Civil Procedure.  By way of further response, Great Wolf Resorts specifically denies all of the averments herein.  To the extent any other averments herein are deemed factual in nature, same are denied by the Answering Defendants with strict proof thereof demanded at trial.

34.     Denied.  The averments herein constitute conclusions of law to which no response is required under the applicable Federal Rules of Civil Procedure.  By way of further response, Great Wolf Resorts specifically denies all of the averments herein.  To the extent any other averments herein are deemed factual in nature, same are denied by the Answering Defendants with strict proof thereof demanded at trial.

35.     Denied.  The averments herein constitute conclusions of law to which no response is required under the applicable Federal Rules of Civil Procedure.  By way of further response,

Great Wolf Resorts specifically denies all of the averments herein. Both Answering Defendants specifically deny any negligence or carelessness of relevance hereto. To the extent any other averments herein are deemed factual in nature, same are denied by the Answering Defendants with strict proof thereof demanded at trial.

    a-y. Denied. The averments herein constitute conclusions of law to which no response is required under the applicable Federal Rules of Civil Procedure. By way of further response, Great Wolf Resorts specifically denies all of the averments herein. Both Answering Defendants specifically deny any negligence or carelessness of relevance hereto. To the extent any other averments herein are deemed factual in nature, same are denied by the Answering Defendants with strict proof thereof demanded at trial.

    36. Denied. The averments herein constitute conclusions of law to which no response is required under the applicable Federal Rules of Civil Procedure. By way of further response, Great Wolf Resorts specifically denies all of the averments herein. Both Answering Defendants specifically deny any negligence or carelessness of relevance hereto. To the extent any other averments herein are deemed factual in nature, same are denied by the Answering Defendants with strict proof thereof demanded at trial.

    **WHEREFORE**, Defendants Great Wolf Lodge of the Poconos, LLC and Great Wolf Resorts, Inc. respectfully demand that Plaintiffs' Complaint be dismissed and judgment be entered in their favor and against Plaintiffs with prejudice, together with an award of costs and fees, as well as any other sums deemed appropriate by the Court.

### COUNT II

**JENNIFER PEREZ v. GREAT WOLF RESORTS, INC.**
**and GREAT WOLF LODGE OF THE POCONOS, LLC**

    37. Answering Defendants hereby incorporate their answers to the preceding paragraphs as if fully set forth herein at length.

9

38.     Denied.  The averments herein constitute conclusions of law to which no response is required under the applicable Federal Rules of Civil Procedure.  By way of further response, Great Wolf Resorts specifically denies all of the averments herein.  Both Answering Defendants specifically deny any negligence or carelessness of relevance hereto.  To the extent any other averments herein are deemed factual in nature, same are denied by the Answering Defendants with strict proof thereof demanded at trial.

39.     Denied.  The averments herein constitute conclusions of law to which no response is required under the applicable Federal Rules of Civil Procedure.  By way of further response, Great Wolf Resorts specifically denies all of the averments herein.  Both Answering Defendants specifically deny any negligence or carelessness of relevance hereto.  To the extent any other averments herein are deemed factual in nature, same are denied by the Answering Defendants with strict proof thereof demanded at trial.

**WHEREFORE**, Defendants Great Wolf Lodge of the Poconos, LLC and Great Wolf Resorts, Inc. respectfully demand that Plaintiffs' Complaint be dismissed and judgment be entered in their favor and against Plaintiffs with prejudice, together with an award of costs and fees, as well as any other sums deemed appropriate by the Court.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted against the Answering Defendants.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a cause or causes of action against Answering Defendants upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff Brian Perez was comparatively negligent so as to totally bar plaintiffs' recovery in this case under the applicable provisions of the Pennsylvania Comparative Negligence Act, 42 Pa. C.S. § 7102; in the alternative, plaintiffs' recovery is to be reduced in accordance with the amount of comparative negligence attributed to him.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff Brian Perez assumed the risk or risk of injury under the circumstances thereby barring the plaintiffs from any recovery under the applicable law.

## FIFTH AFFIRMATIVE DEFENSE

Answering Defendants deny that the injuries alleged in plaintiffs' Complaint were caused or contributed to by any conduct on the part of Answering Defendants, thier agents, servants, workmen and/or employees acting within the course and scope of their employment.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable Statute of Limitations and/or the Doctrine of Laches.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages.

## EIGHTH AFFIRMATIVE DEFENSE

The total damages suffered by the plaintiffs in this case do not exceed seventy-five thousand dollars ($75,000.00).

## NINTH AFFIRMATIVE DEFENSE

The incident complained of in plaintiffs' Complaint was caused by another over whom Answering Defendants exercised no control and had no duty to control.

## TENTH AFFIRMATIVE DEFENSE

The injuries and/or damages complained of by plaintiffs are not a proximate result of any negligence on the part of Answering Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

The incidents and damages alleged in plaintiffs' Complaint were the result of the sole negligence of the plaintiff Brian Perez.

## TWELFTH AFFIRMATIVE DEFENSE

Answering Defendants violated no duty owed to plaintiffs which proximately caused the injuries and damages alleged to have been sustained by the plaintiffs.

## THIRTEENTH AFFIRMATIVE DEFENSE

Answering Defendants deny notice of any alleged dangerous or hazardous condition and deny the opportunity to remedy same.

## FOURTEENTH AFFIRMATIVE DEFENSE

There was no defect or dangerous condition in the subject DBD as claimed in plaintiffs' Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

If it is assumed, *arguendo*, that the condition complained of by plaintiffs existed, same was open and obvious, thereby precluding any recovery by the plaintiffs herein.

## SIXTEENTH AFFIRMATIVE DEFENSE

If it is assumed, *arguendo*, that the condition complained of by plaintiffs existed, same was to be expected by plaintiffs, thereby precluding any recovery by the plaintiffs herein.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Great Wolf Resorts did not own, operate, supervise, maintain, or otherwise control the subject DBD and, accordingly, is an improper defendant in this civil action.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The incident complained of in plaintiffs' Complaint was due to, caused by, and/or the result of an Act of God, over which Answering Defendants had no control and, therefore, plaintiffs' claims are barred.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by assumption of the risk.

## TWENTIETH AFFIRMATIVE DEFENSE

All claims against Answering Defendants as alleged in Plaintiffs' Complaint are barred as any acts complained of were committed by persons or entities other than Answering Defendants for whose conduct Answering Defendants were not legally responsible and whose conduct Answering Defendants had no duty or reason to anticipate.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages, if any, are speculative and are not reasonably foreseeable.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of *res judicata*, estoppel, laches, waiver, or by the doctrine of unclean hands.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The Complaint, as a whole and in each part thereof, fails to state a claim for damages, interests, costs, attorney's fees or other relief requested.  Further, Plaintiffs are not entitled to any such relief under the governing law or the facts of the case.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Answering Defendants intend to rely on and/or assert such other defenses that may become available or apparent during the course of discovery in this case, and Answering Defendants expressly reserve the right to amend this Answer to assert any and all such defenses.

**WHEREFORE**, Defendants Great Wolf Lodge of the Poconos, LLC and Great Wolf Resorts, Inc. respectfully demand that Plaintiffs' Complaint be dismissed and judgment be entered in their favor and against Plaintiffs with prejudice, together with an award of costs and fees, as well as any other sums deemed appropriate by the Court.

                                               **SPECTOR GADON & ROSEN, P.C.**

Dated: July 2\|, 2012        By:   /s/ *Heather M. Eichenbaum*
                                               Heather M. Eichenbuam, Esquire (ID 2938)
                                               1635 Market Street, 7th Floor
                                               Philadelphia, PA 19130
                                               (215) 241-8856/(215) 531-9129 (fax)
                                               *Attorneys for Defendants,*
                                               *Great Wolf Lodge of the Poconos, LLC*
                                               *and Great Wolf Resorts, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and correct copies of the foregoing Answer with Affirmative Defenses of Defendants Great Wolf Lodge of the Poconos, LLC and Great Wolf Resorts, Inc. was served on counsel of record by transmitting a copy thereof via the CM/ECF of the United States District Court for the Middle District of Pennsylvania notification of electronic filing:

John Lenahan, Esquire
Lenahan & Dempsey, P.C.
116 North Washington Avenue
Suite 400
P.O. Box 234
Scranton, PA 18501

By: /s/ *Heather M. Eichenbaum*
Heather M. Eichenbaum, Esquire

1439129_v1