**Lenahan & Dempsey, P.C.**
By: John R. Lenahan, Jr., Esquire
I.D. No. 22690
Lenahan & Dempsey Professional Building          Attorneys for Plaintiffs
Suite 400
116 North Washington Avenue
P.O. Box 234
Scranton, Pennsylvania 18501-0234
(570) 346-2097 Telephone
(570) 346-1174 Facsimile
E-mail: jrl@lenahandempsey.com

## IN THE UNITED STATES COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Brian Perez and Jennifer Perez, his wife, | : | CIVIL ACTION – LAW |
| Plaintiffs | : | |
| v. | : | JURY TRIAL DEMANDED |
| Great Wolf Lodge of the Poconos, LLC | : | |
| and | : | |
| Great Wolf Resorts, Inc. | : | NO. 3:12-CV-01322 |
| Defendants | : | |

### PLAINTIFFS' MOTION TO COMPEL DISCOVERY ANSWERS TO THE REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES FROM THE DEFENDANT GREAT WOLF LODGE OF THE POCONOS, LLC

NOW come the Plaintiffs, Brian and Jennifer Perez, by and through their attorneys, Lenahan & Dempsey, P.C., by John R. Lenahan, Jr., Esquire and for their Motion to Compel Discovery Answers to the Request for Production of Documents and Interrogatories from Defendant Great Wolf Lodge of the Poconos, LLC state the following:

1. This action arises from the Plaintiff, Brian Perez, sustaining personal injuries while attempting to ride a Double Barrel Drop waterslide owned, maintained, controlled, operated and supervised by the Defendants.

2. Discovery was initiated.  As part of the discovery process, on August 31, 2012, the Plaintiffs propounded Interrogatories and Request for Production of Documents (hereinafter "RPDs") upon Defendant Great Wolf Lodge of the Poconos, LLC (hereinafter "Defendant").  This discovery was appropriate, proper and in accordance with the Federal Rules of Civil Procedure.  See a copy of the Interrogatories and the RPDs attached as Exhibit "A."

3. To, date, the Defendant **_only_** answered seven (7) of the fifty-eight (58) RPDs of the Plaintiffs and objected to the remaining fifty-one (51) RPDs.  The Defendant's bases for these objections and withholding the documentation responsive to the RPDs include, but are not limited to, attorney-client privilege; attorney work product doctrine; copyright law protection; beyond the permissible scope discovery; and information that the Defendant is not at liberty to disclose.  The Defendant did not provide **_any_** documents whatsoever in response to the fifty-eight (58) RPDs.  See Defendant's Responses to the RPDs attached as Exhibit "B."  The

objections made to the Plaintiffs' RPDs are without merit. It can only be assumed that the intention of the Defendant is to thwart the discovery process and interfere with the Plaintiffs' access to clearly discoverable materials.

4. Notwithstanding the fact that the Defendant objected to fifty-one (51) of the RPDs, the Plaintiffs are only seeking an Order compelling the Defendant to answer forty-eight (48) of their RPDs. More specifically, the Plaintiffs respectfully request that this Court issue an Order compelling the Defendant to answer and provide the documents responsive to the RPDs numbered as 1, 2, 4, 6, 7, 8, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 53, 56, 57 and 58 and overrule any objections to these RPDs.

5. Alternatively, if this Court were disinclined to issue an Order compelling the production of any documents, the Plaintiffs respectfully request that the Court order the Defendant to produce an itemized privilege log with each document withheld and the specific privilege asserted and also that the documents can be provided to the Court to determine if the Defendant has established its burden of proof that these documents are in fact non-discoverable.

6. If the Court, after conducting an *in camera review* of any of the documents, is not persuaded that the Defendant's objections or claims of privilege are proper, the Court is asked to issue an Order compelling the Defendant to produce all of those documents to the Plaintiffs' counsel.

7. With respect to the Interrogatories, the Defendant did not provide full and complete answers to **_any_** of the Interrogatories. See Defendant's Answers to Interrogatories as Exhibit "C." Again, Defendant's refusal to provide answers to the Interrogatories is without merit. However, the Plaintiffs are **_only_** requesting that this Court issue an Order compelling the Defendant to provide a full and complete answer to their Interrogatory 25.

8. For the reasons more fully set forth in the Plaintiffs' Memorandum of Law, the Plaintiffs respectfully request that this Court grant the instant Motion and for the Court to issue an Order compelling:

   (1) the Defendant to answer and produce the documents responsive to numbers 1, 2, 4, 6, 7, 8, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 53, 56, 57 and 58 of the RPDs to the Plaintiffs' counsel within **seven (7) days** of this Court's Order; and

(2) the Defendant to provide a full, complete and verified Answer to Interrogatory number 25 to the Plaintiffs' counsel within **seven (7) days** of this Court's Order.

          Respectfully Submitted:

          /s/John R. Lenahan, Jr.
          John R. Lenahan, Jr., Esquire
          Attorney for Plaintiffs